ROSENBERG v. ROSENBERG. (Supreme Court, Special Term, New York County. September 13, 1909.) Divorce action by Maurice Rosenberg against Bertha Rosenberg, sometimes known as Bertha Rotenberg, sometimes known as Bertha Rose. Motion by defendant to set aside judgment of divorce and for leave to answer. Motion granted. Isador Scherer (Louis Goldberg, of counsel), for the motion. Warren Leslie, opposed.

GIEGERICH, J. This case is an extraordinary and distressing one. The plaintiff procured a divorce from the defendant upon the ground of her alleged adultery. She was living in Russia at the time, and service of the summons and complaint was made upon her by publication and by mailing a copy thereof to her at her alleged address in Russia. After the final judgment of divorce was obtained, on the 21st day of March, 1907, the plaintiff married another woman, who, at the time the motion was made, was pregnant with child. The defendant has now returned to this country, and moves to vacate and set aside the decree of divorce and for leave to interpose an answer, asserting her innocence of the charge of adultery and claiming that she had no knowledge of the action against her for a divorce until after her return to this country in October, 1908, and shortly before she brought on this notice. The affidavits are numerous, and some of them voluminous, and are flatly contradictory on many plain points of fact, to such an extent that it is extremely difficult to reach a conclusion as to where the truth lies as to most of such matters. I am satisfied, however, upon the whole case, that the defendant had no knowledge of the existence of the action at the time it was in progress. The most damaging and significant fact against the plaintiff is his testimony, given before the court at the time his case was heard, that there was no issue of the marriage. As a matter of fact there were and are two children. He himself had seen the elder one, and had knowledge of the existence of the other one, as is plainly shown by his letters to the defendant, in which he mentions such second child. His excuse now is that he believed at the time of the hearing that there never had been any second child born, and that the first child had died; but the reasons he advances for this alleged belief and for the positive testimony he gave are unsubstantial and unsatisfactory to a degree. It will be a hard case for the innocent woman who subsequently married the plaintiff if the defendant succeeds in her resistance to the divorce action; but it would be a still harder case for the defendant, if she be in truth guiltless, if the present judgment should be allowed to stand and she deprived of any opportunity to prove her innocence and establish her mari-

al rights. The motion is granted, with $10 osts.